WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Lee, et al., | No. CV-24-00057-TUC-SHR |
| Plaintiffs, | **ORDER** |
| v. | |
| PHH Mortgage, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Second Amended Complaint (Doc. 22-1), Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 23), and Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (Doc. 24).  The Motion to Dismiss is fully briefed.  (Doc. 23; Doc. 28; Doc. 29.)  For the reasons set forth below, the Motion to Dismiss is granted, and Plaintiffs' claims are dismissed with prejudice.

I.      **Factual Background**

The Court detailed the factual background in its prior order dismissing the First Amended Complaint.  (*See* Doc. 21.)  Because the parties and the Court are well aware of the factual background, in lieu of repeating the factual background here, the Court will integrate facts where needed for the analysis below.  The facts remain largely unchanged between Plaintiffs' First and Second Amended Complaints.

. . . .

## II. Procedural Background

On September 30, 2024, this Court granted Defendant's Motion to Dismiss and granted Plaintiffs leave to amend certain claims from Plaintiffs' First Amended Complaint (FAC). (Doc. 21; Doc. 15.) Plaintiffs were given leave to amend Counts 1, 5, and 7–9: Plaintiffs' allegation of securitization defects, Breach of Contract Claim as to Defendant's failure to comply with the dates of waiver, Breach of Implied Covenant of Fair Dealing Claim as to Defendant's "pattern of abuse," FCRA Claim, Regulation X Claim, and Real Estate Settlement Procedures Act (RESPA) Claim. (Doc. 21 at 22.)

## III. Legal Standard

### a. Judicial Notice Standard

A court may take judicial notice of a fact which "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 768 (D. Ariz. 2012). However, courts may refuse to take judicial notice when the facts are subject to reasonable dispute. *See* Fed. R. Evid. 201.

In many cases within the Ninth Circuit, courts have taken judicial notice of documents for their existence while simultaneously refusing to take judicial notice of any reasonably disputed facts within those documents. *See Lee*, 250 F.3d at 689 ("[A] court may not take judicial notice of a fact which is 'subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))); *Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 858 (N.D. Cal. 2024) (taking judicial notice of the existence of certain public records without taking judicial notice of the truth of any facts asserted); *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 964 (N.D. Cal. 2017) (taking judicial notice of a document without taking judicial notice of disputed facts contained in the document).

. . . .

b. Motion to Dismiss Standard

Rule 8(a) of the Federal Rules of Civil Procedure governs the pleading standard for a complaint, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Glazer Cap. Mgmt., L.P.*, 63 F.4th at 763 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Plaskett v. Wormuth*, 18 F.4th 1072, 1083 (9th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

A lack of a cognizable legal theory or an absence of adequate facts alleged to support the theory may be the basis for a dismissal. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). This means the complaint, when accepted as true, must contain sufficient factual matter to state a claim on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" exists when the factual content of the complaint leads the court to draw a reasonable inference the defendant is liable for the alleged misconduct. *Id.* A complaint which is found to state a plausible claim for relief will survive a motion to dismiss. *Id.* at 679.

c. Pro Se Pleadings & Leave to Amend

A pro se plaintiff's complaint must be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se litigant must be granted leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988)). "A district court may deny a plaintiff leave to amend if it determines [the] 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency' . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998,

1003 (9th Cir. 2010) (internal citations omitted). A district court may also deny amendment if doing so would be futile. *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.").

Moreover, if an amended pleading fails to comply with the Court's instructions in a prior order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). Prior to dismissal, the district court must provide a pro se plaintiff with notice of the deficiencies to provide an opportunity to amend effectively. *Id.* To determine whether a case should be dismissed for failure to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 837 (9th Cir. 1986)).

**IV. Analysis**

A. Judicial Notice

Defendant offers two documents for judicial notice: (1) Assignment of Deed of Trust recorded on or about April 8 [sic], 2007,[1] in the Cochise County Recorder's Office as Document No. 070412133 (the First Assignment), and (2) Second Assignment of Deed of Trust recorded on or about July 22, 2015, in the Cochise County Recorder's Office as Document No. 2015-13164 (the Second Assignment). (Doc. 24 at 3.) In their Response, Plaintiffs state the "information that is contained in [Defendant's Request for Judicial Notice] is hearsay and not proof that the assignment of deed of trust was ever properly signed." (Doc. 28-1 at 12.) Plaintiffs allege the Second Assignment is "ineffective." (*Id.*) Moreover, Plaintiffs also allege the First Assignment has defects and, therefore, should be "declared defective and void." (Doc. 22-1 at 19.) Plaintiffs state the Second Assignment is dated July 15, 2015. (*Id.*)

---

[1] The Assignment of Deed of Trust was recorded on or about April 6, 2007. (Doc. 24 at 5.)

The Court concludes both documents are proper subjects of judicial notice as they are "matters of public record." *See Lee*, 250 F.3d at 689. However, as discussed above, "a court may take judicial notice of a document without taking judicial notice of reasonably disputed facts contained in the document." *Qualcomm*, 292 F. Supp. 3d at 964. Because Plaintiffs dispute facts contained within both documents, the Court does not take judicial notice of any facts in either document.

B. Miscellaneous Count: Allegations of Securitization Defects

The Court previously granted Plaintiffs leave to amend their allegations of securitization defects to establish a cognizable legal theory which could survive Defendant's Motion under Rule 12(b)(6). (Doc. 21 at 5–6.) Although their claim is not titled or numbered as a count, they have now attempted to allege a cognizable legal theory pursuant to A.R.S. § 33-420, a statute governing false recordings. (Doc. 22-1 at 20 ¶ 136.) However, Plaintiffs still do not allege standing, as the Court instructed them to do so in its prior order. Plaintiffs' allegations regarding the securitization defects still fail and, because this is their second chance to provide factual allegations to establish standing and they did not, the Court will dismiss this claim without leave to amend.

"[A]n action to declare an assignment void [can] only be brought by someone who can demonstrate a concrete and particularized injury . . . fairly traceable to the challenged assignment." *In re Mortgage Electronic Registration Systems Litig.*, CV 10-1547-PHX-JAT, 2012 WL 932625, at *3 (D. Ariz. 2012). When no such injury is alleged, plaintiffs do not have standing to assert a claim. *Id.* Moreover, purportedly defective assignments do not constitute "some sort of document purporting to create an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself," under § 33-420. As other judges have recognized, there is no authority applying this statute to assignments of mortgages. *Schayes v. Orion Fin. Group, Inc.,* CV–10–2658–PHX–NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011) (collecting cases); see also *In re Vasquez,* No. 4:08–BK–15510–EWH, 2010 WL 3084975, at *1 (Bankr. D. Ariz. August 5, 2010) ("In recording the Assignment, [defendant] was not purporting to claim an interest

in the Plaintiff's property. A.R.S. § 33–420 simply does not apply to the facts here.").

While Plaintiffs restructured their allegations to abide by this Court's direction to present short and plain statements, Plaintiffs do not adequately allege facts supporting any cognizable legal theory for the alleged securitization defects. (Doc. 21 at 4–5; Doc. 22-1 at 17–18.) In fact, Plaintiffs' allegations in the SAC do not substantively differ from those contained within the FAC. (*Compare* Doc. 15-1 at 16 *with* Doc. 22-1 at 18–19.) Plaintiffs have again not demonstrated their standing to challenge securitization defects. And Plaintiffs could not, as a matter of law, bring a claim for defective assignments under A.R.S. § 33-420, because assignments are not claims of an "interest in, or a lien or encumbrance against, real property." Because the only legal support for Plaintiffs' claim is A.R.S. § 33-420, and Plaintiffs could never cure the complaint's deficiencies, the Court dismisses the claim for defective assignments without leave to amend.[2]

C. <u>Count 1: Breach of Contract</u>

In this case, Plaintiffs were afforded an opportunity to amend their first amended complaint with specific guidance from this Court on how to cure the deficiencies for their Breach of Contract claim. (Doc. 21 at 7–8.) The Court's Order was narrow, explaining no damages allegations appeared in the FAC and allowing Plaintiff to add damages allegations to successfully state a claim. Nevertheless, Plaintiffs failed to allege sufficient facts which would establish a cognizable breach of contract claim. Moreover, any attempt to further amend would be futile, given Plaintiffs' failure to follow the Court's explicit instructions to explain how Plaintiffs were damaged. While Plaintiffs include conclusory allegations such as "Plaintiffs suffered increased payments due to improper fees and charges," this allegation appears entirely premised upon Plaintiffs' previously rejected legal theory regarding the deferred principal balance being forgiven in two, rather than three installments. Plaintiffs do not include any more factual allegations in this complaint from

---

[2] In addition to finding leave to amend would be futile, the Court also finds, in the alternative, the five *Thompson* factors favor dismissing these claims. *See Ferdik*, 963 F.2d at 1260–61. While public policy typically favors disposition of cases on their merits and dismissal with prejudice is a harsher sanction, the other three factors indicate all of Plaintiffs claims should be dismissed. *See id.*

- 6 -

which the Court could better understand the propriety or nature of these fees. Without including more facts to describe why these fees were improper and devoid of any connection between the improper fees and an allegation of Defendant's breach, the Court can only reasonably infer from this failure no cognizable claim for breach of contract exists under these facts and further amendment would be futile. Accordingly, Count 1 is dismissed with prejudice and without leave to amend.

D. Count 2: Violation of 12 CFR § 1024 Regulation X

The Court's prior Order also set forth how Plaintiffs could cure the deficiencies of their Regulation X claim. (Doc. 21 at 14–15.) The Court specified Plaintiffs' allegations failed to state facts showing (1) "Defendant's 'policies and procedures' were '[un]reasonably designed' regarding timely retrieval of a 'borrower's payment history,'" and (2) "Plaintiffs *requested* Defendant provide a complete payment history, and *on what date*, to determine whether Defendants failed to act in a 'timely manner.'" (*Id.* at 15 (quoting 12 C.F.R. § 1024.40).) Notwithstanding this guidance, Plaintiffs still failed to allege sufficient facts to establish Defendant failed to timely retrieve Plaintiffs' complete payment history in their SAC. The Court finds an additional attempt to amend would be futile. As such, Count 2 is dismissed with prejudice and without leave to amend.

E. Count 3: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs previously received guidance on how this Count was defective and the way the deficiencies of the claim could be cured. (*See* Doc. 21 at 14–15.) This Court stated Plaintiffs failed "to allege Defendant's conduct 'injure[d] the right of [Plaintiff] to receive the benefits of the agreement." (*Id.* at 12.) Plaintiffs continue to assert Defendant "acted in both bad faith and unfair dealing" by "not forgiving the amount of $97,619.39 and counterfeiting a 1099-C." (Doc. 22-1 at 46.) Additionally, Plaintiffs cite to "contradicting statements, 1098's, [and] charging excessive and unauthorized fees and penalties without justification," and failure to "communicate transparently and timely." (*Id.*) Yet, Plaintiffs still do not demonstrate *how* Defendant's conduct injured their right to receive the benefits of the agreement. This Court finds an additional attempt to amend

- 7 -

would be futile. Therefore, Count 3 will be dismissed with prejudice.

F. Count 4: Violation of the Fair Credit Reporting Act

Plaintiffs' SAC reasserted allegations for a violation of the FCRA. Plaintiffs allege "Defendant failed to conduct a reasonable investigation into disputed information reported to credit bureaus, despite being notified by the Plaintiffs." (Doc. 22-1 at 47.) Although Plaintiffs did not cite the exact subsection of FCRA, their only cognizable claim would be brought pursuant to 15 U.S.C. § 1681s-2(b)(1)(A)–(E). *See also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002).

A furnisher of credit information, such as a mortgage company, is required to promptly investigate disputed information and take corrective action, when necessary, *only* upon receiving notice of a dispute from a credit reporting agency ("CRA"). §§ 1681s-2(b)(1), 1681i(a)(2); *see also Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1155 (9th Cir. 2009) ("[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)."). Therefore, to state a claim under FCRA against a furnisher, Plaintiffs must allege: (1) they contacted the CRA[3]; (2) the CRA(s) pursued the claim; and (3) the CRA(s) contacted the furnisher regarding the dispute, triggering the furnisher's duty to investigate.

Because Plaintiffs have not alleged they contacted any CRA and the CRA then contacted the furnisher, this Court finds Plaintiffs' allegations still fail to state a claim for relief. There can be no cognizable claim unless Plaintiffs allege facts indicating the CRA contacted the furnisher, at the very least.

Moreover, the Court finds it would be futile to grant Plaintiffs leave to amend their complaint to assert the CRA contacted Defendant as the furnisher. Plaintiffs' willful omission of any facts supporting this prerequisite indicates no such facts exist. Plaintiffs attempted to bring a nearly identical claim against another furnisher in a prior case in this court which Magistrate Judge Rateau dismissed with prejudice. (*See* Doc. 26 at 10–11 in Case No. 4:23-cv-00517-JR.) In the motion to dismiss filed in that case, the defendant

---

[3] The Court addressed the requirements for providing notice to the CRA in its prior order and will not repeat those herein.

- 8 -

noted Plaintiffs failed to allege they disputed the credit information with a CRA or the defendant/furnisher there received notice from a CRA that Plaintiffs disputed the information. (Doc. 15 at 11 in Case No. 4:23-cv-00517-JR.) Plaintiffs failed to respond to this aspect of defendant's motion regarding FCRA's requirements, so Judge Rateau granted the motion to dismiss with prejudice on a nearly identical claim. In Judge Rateau's order dismissing that case, she once again noted the statutory requirements. (*See* Doc. 26 at 10–11 in Case No. 4:23-cv-00517-JR.)

Therefore, the Court finds Plaintiffs have been on notice of the factual allegations required to state a claim against a furnisher under § 1681s-2(b) since at least January 2024. Since then, they have filed multiple complaints attempting to raise claims under this subsection but have never fully satisfied the statutory requirements. All the while, Defendant has raised this issue through multiple motions to dismiss and Plaintiffs have still failed to respond or remedy their allegations. Because Plaintiffs are unable to cure the deficiencies of this claim and especially given their multiple failed attempts to do so after being reminded of the requirements for this claim, this Court will dismiss this claim with prejudice and without leave to amend.

G. <u>Note Regarding Claims Not Realleged</u>

All causes of action not alleged in an amended pleading are waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original"). Because Plaintiffs' SAC does not amend its allegations to include a violation of the Real Estate Settlement Procedures Act (formerly Count 9), this claim is hereby dismissed with prejudice.

**V. Conclusion**

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** Defendant's Motion for Judicial Notice (Doc. 24) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiffs' Second Amended Complaint (Doc. 22) is **DISMISSED** with prejudice and without leave to amend. Plaintiffs' claims are dismissed

1  with prejudice, including those claims previously dismissed in the Court's prior order.

2  **IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly
3  and close this case.

4  Dated this 22nd day of August, 2025.

*Honorable Scott H. Rash*
*United States District Judge*